**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

BLACKROCK GLOBAL ALLOCATION
FUND, INC., et al.,

        Plaintiffs,

v.

VALEANT PHARMACEUTICALS
INTERNATIONAL, INC., et al.,

        Defendants.

Civil Action No. 18-0343 (MAS) (LHG)

**MEMORANDUM OPINION**

**SHIPP, District Judge**

    This matter comes before the Court on three partial motions to dismiss filed in the above matter.[1] Plaintiffs opposed (ECF No. 37) and Defendants (except Pearson)[2] replied (ECF Nos. 40 and 41). The Court has carefully considered the parties' submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons set forth below, Defendants' partial motions to dismiss the Section 18 claims are DENIED.

---

[1] The motions currently pending before the Court are:
  1. Partial Motion to Dismiss by Valeant Pharmaceuticals International, Inc., Robert L. Rosiello, and Ari S. Kellen (ECF No. 21).
  2. Partial Motion to Dismiss by J. Michael Pearson (ECF No. 22).
  3. Partial Motion to Dismiss by Howard B. Schiller (ECF No. 23).

[2] Pearson did not submit his own briefing and instead relied upon the memorandum of law submitted by Valeant. (ECF No. 22.)

I.  **Background**

These are direct actions arising out of the same facts and circumstances as the class action currently pending before the Court under docket number 15-7658 ("Class Action"). The Court assumes the parties' familiarity with the underlying facts and recites the facts only to the extent necessary to decide the three instant motions.

Plaintiffs allege that Valeant Pharmaceuticals International, Inc. ("Valeant") and certain executives, namely, J. Michael Pearson ("Pearson"),[3] Howard B. Schiller ("Schiller"),[4] Robert L. Rosiello ("Rosiello"),[5] Deborah Jorn ("Jorn"),[6] Ari S. Kellen ("Kellen"),[7] and Tanya Carro ("Carro")[8] (collectively, "Valeant Defendants") engaged in a "scheme to generate revenues through massive price increases for Valeant-branded drugs while concealing from investors the truth regarding the Company's business operations, financial results, and other material facts." (Compl. ¶ 1, ECF No. 1.)

---

[3] Pearson served as Valeant's CEO and a director of the company from 2008 through May 3, 2016, and Chairman of the Board of Directors from March 2011 to January 2016. (Compl. ¶ 21, ECF No. 1.)

[4] Schiller served as Valeant's CFO and as an Executive Vice President ("EVP") from December 2011 to June 30, 2015. Schiller was also a member of Valeant's Board of Directors from September 2012 until June 2016. (*Id.* ¶ 22.)

[5] Rosiello served as Valeant's CFO and as an EVP beginning in July 2015 until he stepped down on December 31, 2016. (*Id.* ¶ 23.)

[6] Jorn was a Valeant EVP and Company Group Chairman from August 2013 until March 2, 2016. (*Id.* ¶ 24.)

[7] Kellen served as an EVP and Company Group Chairman from January 1, 2014 until December 31, 2016. (*Id.* ¶ 25.)

[8] Carro served as Valeant's Corporate Controller. (*Id.* ¶ 26.)

2

Specifically, Plaintiffs allege that Valeant used "a series of deceptive practices, which drove [up] the Company's revenue." (*Id.* ¶ 4). According to Plaintiffs, "Defendants' misstatements or omissions of material fact caused the prices of Valeant securities to be artificially inflated during the Relevant Period [between September 28, 2015 and August 10, 2016], but investors ultimately suffered huge losses when the previously concealed facts were revealed." (*Id.* ¶ 10.)

On these facts, Plaintiffs allege: (1) all Defendants violated Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b) and SEC Rule 10b-5; (2) Valeant, Pearson, and Schiller violated Section 18(a) of the Exchange Act, 15 U.S.C. § 78r ("Section 18"); (3) Valeant, Pearson, Schiller, and Rosiello violated Section 20(a) of the Exchange Act, 15 U.S.C. § 78(a); (4) Valeant, Pearson, and Schiller violated Section 12(a)(2) of the Securities Act, 15 U.S.C. § 77l(a)(2); and (5) Valeant, Pearson, and Schiller violated Section 15 of the Securities Act, 15 U.S.C. § 77k. (Compl. ¶¶ 370-404.)

Valeant, Pearson, and Schiller move to dismiss the Section 18 claim as time-barred. (ECF Nos. 21-23.) Plaintiffs respond that the Sarbanes Oxley Act of 2002 ("SOX") applies to and increases the limitations period of Section 18 and, therefore, the claims are timely. (Pls.' Opp'n Br., ECF No. 37.)

II. **Legal Standard**

District courts must consider a Rule 12(b)(6) motion under a three-part analysis. First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009). Second, it must accept as true all of a plaintiff's well-pleaded factual allegations and construe the complaint in the light most favorable to the plaintiff. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). Conclusory allegations proffered in the complaint,

3

however, must be disregarded. *Id.* at 210-11. Finally, the court must determine whether the "facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Id.* at 211 (quoting *Iqbal*, 556 U.S. at 679).

## III. <u>Discussion</u>

Under Section 18, a claim must be filed within one year after the discovery of the facts constituting the cause of action and within three years after the cause of action accrues. 15 U.S.C. § 78r(c). In 2002, Congress enacted SOX, which provides a two-year statute of limitations and five-year statute of repose for private rights of action involving claims of "fraud, deceit, manipulation, or contrivance in contravention of a regulatory requirement concerning the securities laws . . . of the Securities Exchange Act of 1934." 28 U.S.C. § 1658(b).

The *Blackrock* Plaintiffs filed their Complaint on January 9, 2018 for purchases of Valeant common stock that occurred between January 4, 2013 and August 10, 2016. (Compl. 1.) Defendants argue that under Section 18, Plaintiffs had exactly one year after the date that the alleged fraud was revealed, that is, until August 10, 2017, to file the instant action. (Valeant's Moving Br. 2-4.) Plaintiffs respond that SOX extends the time to file a Section 18 claim to within two years of the discovery of a Section 18(a) violation. (Pls.' Opp'n Br. 1-2, ECF No. 37.)

In *Lord Abbett Investment Trust-Lord Abbett Short Duration Income Fund, et al. v. Valeant Pharmaceuticals International, Inc.*, Civ. No. 17-6365, 2018 WL 3637514 (D.N.J. July 31, 2018) ("*Lord Abbett*"),[9] this Court considered similar arguments on the limitations period for the *Lord*

---

[9] The *Lord Abbett* decision also resolved the pending motions in *The Boeing Company Employee Retirement Plans Master Trust and The Boeing Company Employee Savings Plans Master Trust v. Valeant Pharmaceuticals International, Inc.*, Civ. No. 17-7636, and *Public Employees' Retirement System of Mississippi v. Valeant Pharmaceuticals International, Inc.*, Civ. No. 17-7625.

4

*Abbett* Plaintiffs' Section 18 claim against almost all of the same Defendants in the present action.[10] In its Memorandum Opinion, the Court adopted the Second Circuit's ruling in *Dekalb County Pension Fund v. Transocean Ltd.*, 817 F.3d 393, 407 (2d Cir. 2016), and found that SOX's expanded limitations provision applies to Section 18 claims. *Lord Abbett*, 2018 WL 3637514.

The Court applies the same analysis here. Applying the SOX extended limitations period, therefore, the Section 18 limitations period would have expired in August 2018. As Plaintiffs filed the lawsuit on January 9, 2018, the Court finds that the Section 18 Claims are timely. Defendants' motions, therefore, are denied.

## IV. Conclusion

For the reasons set forth above, Defendants' Partial Motion to Dismiss the Section 18 claims are **DENIED**. An Order consistent with this Memorandum Opinion will be entered.

s/ Michael A. Shipp
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**

Dated: September 14, 2018

---

[10] Plaintiffs in *Lord Abbett* did not bring claims against Jorn.